IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                           No. 24-cr-01819-KWR

MARIO GONSALEZ, JR.,
GUILLERMO GARCIA, JR., and
CRUZ ZERMENO,

    Defendants.

## MEMORANDUM OPINION AND ORDER SUSTAINING IN PART DEFENDANT GONSALEZ'S OBJECTIONS TO THE GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE OF CRIMES, WRONGS, AND OTHER ACTS

**THIS MATTER** comes before the Court upon the Government's Notice of Intent to Introduce Evidence of Crimes, Wrongs, and Other Acts pursuant to Federal Rule of Evidence ("Rule") 404(b) (**Doc. 90**). Having reviewed Defendant Gonsalez's objections and the relevant law, the Court finds that the motion is well-taken, and, therefore, is **SUSTAINED IN PART**.

### BACKGROUND

On November 20, 2024, officers arrested Defendants Mario Gonsalez, Guillermo Garcia, and Cruz Zermeno after finding approximately twenty-five pounds of methamphetamine in their vehicle. **Government Ex. 2, 18:25–18:50**. Following their arrest, Defendants Gonsalez and Garcia were left alone together in a patrol vehicle while officers attended to other matters. **Government Ex. 1, 26:00**. Defendants Gonsalez and Garcia were unaware that the police cruiser was equipped with multiple cameras that recorded audio. Defendant Gonsalez asked the following of Defendant Garcia:

Will you?

Please.

Please.

Could you please take my pleas?

Take my pleas, cousin.

I'll bond you out, cuz.

Please.

*Id.* **at 00:26:23–00:27:00**. Defendant Garcia declined. *Id.* **at 26:49**.

Defendants were charged with counts of conspiracy and possession with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2. **Doc. 58**. On July 28, 2025, the Government filed its Notice of Intent to Introduce Evidence pursuant to Rule 404(b). **Doc. 90**. The Government intends to introduce Defendant Gonsalez's prior criminal record to provide context for his request that Defendant Garcia take responsibility. *Id.* **at 14**. The Government also intends to introduce evidence of Defendant Gonsalez's prior drug trafficking convictions in Texas to establish he committed the offenses charged in the Superseding Indictment (**Doc. 58**). *Id.* **at 14–15**.

## LEGAL STANDARD

Under Federal Rule of Evidence 404(b)(1), evidence of any other crime is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But evidence of another crime may be used to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2).

## DISCUSSION

I. **<u>Defendant Gonsalez's prior convictions are inadmissible to prove context.</u>**

The Government intends to introduce evidence of Defendant Gonsalez's prior criminal record to provide context for his requests that Defendant Garcia "take [his] pleas." **Doc. 90 at 1**. Defendant Gonsalez objects to the introduction on two grounds. Defendant Gonsalez argues the *Huddleston* elements favor excluding his criminal history. **Doc. 97 at 7**. And he argues that the Government has not established that his statement to Defendant Garcia is a material issue. *Id.* **at 5–6**.

### A. *Huddleston* analysis.

For evidence to be admissible under Rule 404(b)(2), the following elements must be met: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the evidence's probative value must not be substantially outweighed by the risk of unfair prejudice; and (4) upon request, the trial court shall instruct the jury that the evidence is only to be considered for the proper purpose for which it was admitted. *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000) (citing *United States v. Roberts*, 185 F.3d 1125, 1141 (10th Cir. 1999)).

#### 1. Proper purpose.

In addition to the exceptions under Rule 404(b)(2), another proper purpose is to provide context for the charged crime. *United States v. Sarracino*, 131 F.3d 943, 949 (10th Cir. 1997) (citations omitted). A "jury 'cannot be expected to make its decision in a void.'" *Id.* (quoting *United States v. Masters*, 622 F.2d 83, 86 (4th Cir. 1980)). The Government must precisely state the purpose of the proffered evidence. *United States v. Birch*, 39 F.3d 1089, 1093 (10th Cir. 1994) (citations omitted).

Here, the Government claims Defendant Gonsalez's criminal record and past felony drug trafficking convictions provide "needed context" for his request to Defendant Garcia. **Doc. 90 at 4**. The Government argues the jury needs the context of Defendant Gonsalez's prior convictions to demonstrate that he faces harsher penalties than Defendant Garcia. *Id.* **at 5**. Therefore, the Court finds that providing context to help the jury properly weigh Defendant's statement is a proper purpose. Fed. R. Evid. 404(b)(2).

### 2. Relevance.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Here, Defendant Gonsalez's connection to the methamphetamine is a fact of consequence in determining the action. Defendant Gonsalez's prior convictions provide context that make it more probable he asked Defendant Garcia to take responsibility because he faces far more prison time. Accordingly, in light of such context, the Court finds that Defendant Gonsalez's prior convictions are relevant.

### 3. Rule 403.

When relevant evidence is offered for a proper purpose under Rule 404(b), the evidence "may be excluded only under Rule 403." *United States v. Davis*, 636 F.3d 1281, 1298 (10th Cir. 2011) (quoting *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009)). Under Rule 403, the risk of unfair prejudice may not substantially outweigh the evidence's probative value. *United States v. Tan*, 254 F.3d 1204, 1212 (10th Cir. 2001). Under Rule 403, unfair prejudice means "an undue tendency to suggest decision on an improper basis." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). District courts have considerable discretion in performing the balancing test, but

it is "an extraordinary remedy and should be used sparingly." *Tan*, 254 F.3d at 1211 (10th Cir. 2001) (citing *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir. 1999)).

The Government contends these statements are "difficult to decipher in the abstract" and that a jury might "find it difficult to understand" that Defendant Gonsalez was asking Defendant Garcia to take responsibility for the crime. **Doc. 104 at 3**. The Government argues that Defendant Gonsalez's criminal record provides "needed context" for the following request:

> Please.
>
> Please.
>
> Could you please take my pleas?
>
> Take my pleas, cousin.
>
> I'll bond you out, cuz.

**Ex. 1 at 26:23–27:00**. Even giving Defendant Gonsalez's criminal history its maximum reasonable probative value and its minimum prejudicial value, the risk of unfair prejudice substantially outweighs the probative value. *See Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000) (citation omitted). Defendant Gonsalez's criminal history, when used to demonstrate that he faces "significantly greater penalties," contextualizes his request that Defendant Garcia take responsibility. While Defendant Gonsalez's criminal history provides context for his statements, his statements alone are highly probative of his involvement with the methamphetamine. Accordingly, the Court finds that Defendant Gonsalez's criminal history and possible penalties provide very little additional probative value.

The Government also contends a jury might "find it difficult to understand that [Defendant Gonsalez] was asking [Defendant Garcia] to take responsibility for their crime." **Doc. 107 at 3**. The Court is not convinced. Defendant Gonsalez requested that Defendant Garcia take sole

responsibility after the methamphetamine was found and they were arrested. **Ex. 1 at 26:23–27:00**. Knowledge that Defendant Gonsalez faces a greater penalty than Defendant Garcia does little to clarify the plain request, "Could you please take my pleas? Take my pleas, cousin. I'll bond you out, cuz." *Id.* **at 26:40–42**; *see United States v. Greer*, 620 F.2d 1383, 1385 (10th Cir. 1980) ("We should not assume that jurors are so obtuse that they are unable to draw simple inferences."). Therefore, even assigning the maximum reasonable probative value, Defendant Gonsalez's criminal history provides only minimal probative value to the context of his statements to Defendant Garcia.

Even in light of its minimal probative value, Defendant Gonsalez's criminal history presents a substantial risk of unfair prejudice. Defendant Gonsalez's criminal record is riddled with drug possession and trafficking offenses which may become improper propensity evidence. *See United States v. Jones*, No. 24-6189, 2025 WL 2394854, at *9 (10th Cir. Aug. 19, 2025) ("[A]dmitting a prior conviction for the same charged offense risks improper propensity inferences. . . ."). Thus, admitting Defendant Gonsalez's criminal history creates a substantial risk of undue prejudice.[1]

When a jury has no sentencing function, the jury should "be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). The Tenth Circuit has held that "presenting information to the jury about possible sentencing is prejudicial. Breach of this standard has often been grounds for reversal." *Greer*, 620 F.2d at 1384 (citation omitted). Here, the

---

[1] The Government also points to *United States v. Sarracino*, 131 F.3d 943, for support. **Doc. 90 at 5**. In *Sarracino*, the court allowed victim testimony that the defendant assaulted the victims and said, "I'm down for two, what's two more," while he was a fugitive facing two chargers for murder. 131 F.3d at 948. Although admissible to provide context, the court noted the district court may have allowed unnecessary details about the attack that ran afoul of Rule 403, but such errors were harmless because Sarracino's own testimony confirmed the details. *Id.* at 949. Here, there are no similar circumstances that would permit the unnecessary details.

Government intends to introduce Defendant Gonsalez's criminal record to demonstrate that he faces "significantly greater penalties" than Defendant Garcia. **Doc. 90 at 4**. This would provide the jury with impermissible information concerning possible sentencing outcomes. The risk of undue prejudice substantially outweighs the minimal probative value that Defendant Gonsalez's criminal history provides. Accordingly, under Rule 403, the Court finds Defendant Gonsalez's criminal record is inadmissible to provide context for his statements to Defendant Garcia.

### B. Whether context is a material issue.

Defendant Gonsalez argues the Government has not established that the context of his request is a material issue. **Doc. 97 at 6**. The Government contends that the meaning of Defendant Gonsalez's request is at issue unless he is prepared to stipulate to the meaning. **Doc. 104 at 3**. Since the Court finds Defendant Gonsalez's criminal history must be excluded under Rule 403, the Court need not address whether Defendant Gonsalez's silence constitutes disputing an issue.

### II. Defendant Gonsalez's prior Texas convictions are admissible to establish they were serious drug felonies.

In pursuit of heightened penalties under 21 U.S.C. §§ 841(b)(1)(A), the Government intends to introduce evidence of Defendant Gonsalez's prior convictions and terms of imprisonment in Texas. Defendant Gonsalez is not willing to stipulate to his prior convictions. **Doc. 90 at 14**.

Section 841(b)(1)(A) increases the prescribed statutory minimum for any person who violates the provision "after 2 or more prior convictions for a serious drug felony." Under 21 U.S.C. § 802(58), a "serious drug felony" is a controlled substance offense described in 18 U.S.C. § 924(e)(2) for which the defendant (1) served a term of imprisonment more than twelve months and (2) was released within fifteen years of the commencement of the current offense.

Other than a prior conviction, the Sixth Amendment requires that a jury determine any facts that increase a statutory maximum or mandatory-minimum punishment. *Alleyne v. United States*, 570 U.S. 99, 103 (2013); *Apprendi v. New Jersey*, 530 U.S 466, 490 (2000). A judge may only find a prior conviction. *Erlinger v. United States*, 602 U.S. 821, 837 (2024) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 246–47 (1998)).

Here, the Government contends Defendant Gonsalez's two convictions in Texas qualify as serious drug felonies. **Doc. 90 at 8–14**. For each of those convictions, the Sixth Amendment requires a jury to determine whether Defendant Gonsalez served over 12 months and was released within 15 years of the instant offense. *Mathis v. United States*, 579 U.S. 500, 511–12 (2016) ("[A] judge] can do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of."). Neither party contests this position. **Docs. 97 at 4; 107 at 5**. Thus, this Court can make the determination that Defendant Gonsalez was convicted, but his length of imprisonment and date of release must be determined by a jury. Accordingly, Defendant Gonsalez's prior convictions and imprisonment in Texas are admissible to establish violations of 21 U.S.C. §§ 841(a)(1) and 846 after two convictions for a serious drug felony had become final.

**III.    The Court will bifurcate the trial.**

Defendant Gonsalez requests a bifurcated proceeding in which the Government bears the burden to prove the dates of the prior convictions and imprisonment beyond a reasonable doubt. **Doc. 97 at 4**. The Government contends, provided appropriate instructions are given to the jury, bifurcation is unnecessary. **Doc. 104 at 7**. The Court disagrees.

District courts have broad discretion in ruling on a motion to sever or bifurcate. *United States v. Garcia*, 74 F.4th 1073, 1109 (10th Cir. 2023) (citations omitted). Federal Rule of Criminal

8

Procedure 14 "leaves the determination of risk of prejudice and any remedy for such prejudice to the sound discretion of the district court." *Id.* (citing *United States v. Clark*, 717 F.3d 790, 818 (10th Cir. 2013)). A decision must not be "arbitrary, capricious, whimsical, or manifestly unreasonable." *Id*. (citing *United States v. Landers*, 564 F.3d 1217, 1224 (10th Cir. 2009)).

Here, Defendant Gonsalez correctly asserts there is a risk that a jury will convict him based on propensity if they learn that his prior convictions were for drug trafficking. **Doc. 97 at 7**. Courts are equipped with various tools to "address the prejudicial effect evidence about a defendant's past crimes can have on a jury." *Erlinger*, 602 U.S. at 847. Among these tools, bifurcation is "common . . . and often [the] fairest practice." *Id.* (internal quotations and citations omitted). Defendant Gonsalez's prior drug trafficking convictions present the potential for improper propensity inferences. Bifurcating the proceeding into guilt and post-guilt phases fairly balances the parties' interests, and the cost and expense to the Court. Therefore, the Court will bifurcate the trial.

**IV.     Defendant Gonsalez's challenges to 18 U.S.C. § 851.**

With respect to 18 U.S.C. § 851, Defendant Gonsalez takes the following positions: (1) *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), was wrongly decided; (2) Section 851(c) violates the Sixth Amendment; and (3) Section 851(b) violates the Fifth Amendment. **Doc. 97 at 4**. The Court addresses each position in turn.

The Supreme Court recently declined to revisit *Almendarez-Torres* finding it "persists as a 'narrow exception' permitting judges to find only 'the fact of a prior conviction.'" *Erlinger*, 602 U.S. at 838 (quoting *Alleyne*, 570 U.S. at 11, n.1). Thus, *Almendarez-Torres* remains good law to which this Court is bound.

As to Defendant Gonsalez's Sixth Amendment challenge to § 851(c), he will not incur a constitutional injury provided that a jury determines the length of his prior imprisonment and the

9

dates of his release pursuant to *Alleyne*. *See* 570 U.S. at 103. This is precisely the process Defendant Gonsalez and the Government seek. Accordingly, the Court finds that Defendant Gonsalez's Sixth Amendment rights will not be implicated.

Defendant Gonsalez's Fifth Amendment challenge to § 851(b) need not be addressed at this stage. The Fifth Amendment deals with compulsion, and Defendant Gonsalez must exercise his Fifth Amendment privilege before he is considered "compelled." *See Minnesota v. Murphy*, 465 U.S. 420, 427 (1984) (finding a witness is not compelled "unless the witness is required to answer over his valid claim of the privilege"). Defendant Gonsalez has not yet asserted his Fifth Amendment privilege in response to an 18 U.S.C. § 851(b) inquiry. Accordingly, the Court finds that he has not suffered any constitutional injury.

## CONCLUSION

Defendant Gonsalez's prior criminal history is inadmissible to provide context for his statements to Defendant Garcia. But Defendant Gonsalez's convictions and prison sentences incurred in Texas are admissible to prove that his violations of 21 U.S.C. §§ 841(a)(1) and 846 occurred after he committed two serious drug felonies. The Court will consider proposed limiting instructions.

**IT IS THEREFORE ORDERED** that Defendant Gonsalez's objection (**Doc. 97**) to the Government's Notice of Intent to Introduce Evidence of Crimes, Wrongs, and Other Acts (**Doc. 90**) is **SUSTAINED IN PART** for reasons described in this Memorandum Opinion and Order.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE